UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

AT&T MOBILITY LLC,

          Plaintiff,

vs.

CELLCO PARTNERSHIP d/b/a
VERIZON WIRELESS

          Defendant.

Civil Action File No.
1:09-CV-3057-TCB

## DECLARATION OF SUSAN SHERWOOD

I, Susan Sherwood, under penalty of perjury, declare as follows:

### PERSONAL BACKGROUND

AT&T Mobility LLC v. Cellco Partnership      Doc. 20 Att. 31

1. I am currently the Manager of Network Compliance at Verizon Wireless ("Verizon") and I work in Verizon Wireless' offices in Alpharetta, Georgia. I have been employed by Verizon since 2004. I report directly to Richard Craig, Director of Network Compliance. Prior to my employment at Verizon, I worked for five years at Sprint as a Principal Engineer.

Dockets.Justia.com

2. At Verizon, my primary responsibilities include oversight of Verizon's Emergency Services Program, which encompasses compliance with FCC regulations governing wireless 911 coverage and technical planning for new products and technologies that impact Verizon's compliance with those regulations. While at Sprint, I had similar responsibilities.

3. In addition, I have served as Chair of two Committees for the National Emergency Numbering Association ("NENA") that are dedicated to the technological advancement, availability, and implementation of a universal emergency telephone number system (911).

## RESPONSE TO THE DECLARATION OF DEREK POARCH

4. In connection with this lawsuit, I was provided with a copy of the declaration of Derek Poarch (submitted to the court by AT&T) and have since reviewed it.

5. Mr. Poarch states in his declaration that "[c]overage maps are important for consumers from a public safety perspective so that they know they have the ability to make 911 calls from wireless phones during national disasters and other emergencies." (Poarch Decl. ¶ 5.)

6. Contrary to Mr. Poarch's assertion, maps identifying the coverage area of a single wireless carrier are actually irrelevant to 911-calling ability. This

2

is because all wireless carriers are required to route 911 calls to the destination, regardless of whether the 911 caller is a subscriber of that carrier's service.

7. To give a specific example, an AT&T wireless subscriber could make a 911 call even in an area where AT&T does not have coverage -- as long as there was compatible coverage in that area by <u>any carrier</u> (e.g. T-Mobile). Thus, even assuming that consumers were interested in a coverage map for 911 purposes, the only relevant map would be one that shows the coverage of <u>all the carriers</u> who offer coverage that is compatible with that subscriber's mobile phone.

8. Indeed, there are FCC regulations that require all carriers to route any 911 call they are capable of transmitting, regardless of whether such call is initiated by one of their subscribers. (47 C.F.R. § 20.18(b) (2008); *see also* http://www.fcc.gov/cgb/consumerfacts/wireless911srvc.html.)

I declare under penalty of perjury that the foregoing is true and correct.

Dated: November 13, 2009
Alpharetta, Georgia

Respectfully submitted,

*Susan Sherwood*
Susan Sherwood

3