# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| AT&T MOBILITY LLC,<br><br>     **Plaintiff,**<br><br>vs.<br><br>CELLCO PARTNERSHIP d/b/a VERIZON WIRELESS,<br><br>     **Defendant.** | Case No. 09-CV-3057-TCB |

## CELLCO PARTNERSHIP d/b/a VERIZON WIRELESS' NOTICE OF 30(b)(6) DEPOSITION TO AT&T MOBILITY LLC

PLEASE TAKE NOTICE that, on December 2, 2009, commencing at 9:00 A.M., at the offices of King & Spalding LLP, 1180 Peachtree Street, Atlanta, GA 30309, or such other time and place as agreed by the parties, the undersigned will take the deposition of Plaintiff, AT&T MOBILITY LLC ("AT&T"), pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure. The deponent's testimony will be videotaped and recorded stenographically. The deposition will continue from day to day until the examination is complete. You are invited to attend and participate as provided in the Federal Rules of Civil Procedure.

AT&T will be examined on the matters identified in the Schedule attached hereto. AT&T is directed to designate one or more officers, directors, or

managing agents, or other persons who will testify on its behalf, who are most knowledgeable regarding the matters identified in the attached Schedule. AT&T is requested, at least 5 business days prior to the deposition, to provide a written designation of the names and positions of the officers, directors, or managing agents, or other persons designated to testify concerning the matters identified in the attached Schedule and, for each person, identify the matters on which he or she will testify.

Dated: November 22, 2009.

By:

|  |  |
|---|---|
|  | s/ Jill Wasserman |
| Kenneth A. Plevan | L. Joseph Loveland |
| (admitted pro hac vice) | (Ga. Bar No. 459350) |
| Lauren E. Aguiar | Jill Wasserman |
| (admitted pro hac vice) | (Ga. Bar No. 739662) |
| SKADDEN, ARPS, SLATE, | C. Suzanne Johnson |
| MEAGER & FLOM LLP | (Ga. Bar No. 321398) |
| Four Times Square | KING & SPALDING LLP |
| New York, NY 10036 | 1180 Peachtree Street, N.E. |
| Telephone: (212) 735-3000 | Atlanta, GA 30309 |
| Facsimile: (212) 735-2000 | Telephone: (404) 572-4600 |
| Email: Kenneth.Plevan@skadden.com | Facsimile: (404) 572-5100 |
| Email: Lauren.Aguiar@skadden.com | Email: jloveland@kslaw.com |
|  | Email: jwasserman@kslaw.com |
|  | Email: suzzane_johnson@kslaw.com |

*Attorneys for Defendant Cellco Partnership d/b/a Verizon Wireless*

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| AT&T MOBILITY LLC,<br><br>    **Plaintiff,**<br><br>vs.<br><br>CELLCO PARTNERSHIP d/b/a<br>VERIZON WIRELESS,<br><br>    **Defendant.** | Case No. 09-CV-3057-TCB |

## CERTIFICATE OF SERVICE

  I hereby certify that, on November 22, 2009, a copy of CELLCO PARTNERSHIP d/b/a VERIZON WIRELESS' NOTICE OF 30(b)(6) DEPOSITION TO AT&T MOBILITY LLC, was served on the following counsel of record by electronic mail:

    David L. Balser
    Nathan L. Garroway
    Tracy Klingler
    McKenna Long & Aldridge LLP
    303 Peachtree Street, Suite 5300
    Atlanta, Georgia 30308
    Telephone: (404) 527-400
    Facsimile: (404) 527-4198
    Email: dbalser@mckennalong.com
    Email: ngarroway@mckennalong.com
    Email: tklingler@mckennalong.com


            s/ Jill Wasserman
            Jill Wasserman

ATL_IMANAGE-6566644.1

# SCHEDULE A

## DEFINITIONS

1. "AT&T," "Plaintiff," "you," or "your" shall mean AT&T Mobility LLC, and its predecessors, successors, and assigns, and all persons acting or purporting to act on behalf of AT&T Mobility LLC, or any employee, officer, director, shareholder, attorney, broker or agent of AT&T Mobility LLC.

2. "Verizon" or "Defendant" shall mean Cellco Partnership d/b/a Verizon Wireless and its predecessors, successors, and assigns, and all persons acting or purporting to act on behalf of Cellco Partnership d/b/a Verizon Wireless, or any employee, officer, director, shareholder, attorney, broker or agent of Cellco Partnership d/b/a Verizon Wireless.

3. The term "relating" means directly or indirectly referring to, describing, evidencing, constituting, containing, embodying, showing, comprising, reflecting, regarding, identifying, illustrating, stating, dealing with, commenting on, responding to, involving, mentioning, discussing, recording, supporting, or negating a given subject matter.

4. The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

5. The term "document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Fed. R. Civ. P. 34(a), including, without limitation, electronic or computerized data compilations. A draft or non-identical copy is a separate document within the meaning of this term.

6. The term "Lawsuit" refers to AT&T Mobility LLC v. Cellco Partnership d/b/a Verizon Wireless, Case No. 09-CV-3057-TCB, United States District Court for the Northern District of Georgia, Atlanta Division.

7. The term "Advertisements-at-Issue" refers to Verizon's "Bench" commercial; "College" commercial; "Blue Christmas" commercial; "Naughty/Nice" commercial; and "Misfit Toys" commercial, as referred to in Verizon's Memorandum of Law in Opposition to AT&T's Motion for a Temporary Restraining Order; any other advertisement, whether for television, print or Internet, containing Verizon's comparative 3G coverage maps (whether these maps are shown together or alone); or any other advertisement by Verizon, whether for television, print, or Internet, about AT&T's 3G coverage that AT&T claims is false, false by implication, or misleading because it conveys a message that AT&T consumers are out of touch or cannot use their devices because they are outside of AT&T's 3G coverage area.

8. "Person" or "persons" means natural persons, agencies, officers, or departments of the United States of America or any other governmental entity, and any corporation, foundation, partnership, proprietorship, association, organization, or group of natural persons or other form of legal entity.

9. With regard to the terms defined herein, all terms used in the singular shall include the plural, and all terms used in the plural shall include the singular.

10. The use of the word "or" shall mean "and" as well as "or."

11. The use of the word "and" shall mean "or" as well as "and."

## TOPICS

1. The factual bases for AT&T's allegations that the Advertisements-at-Issue (or any element thereof) are false, false by necessary implication, or misleading;

2. AT&T's use of maps, whether for internal or external purposes, to illustrate the geographic scope of AT&T's 3G coverage, including without limitation the use of "blank" or "white" space in such maps;

3. The population and geographic coverage of AT&T's 2.0G, 2.5G GSM/EDGE, and 3G networks;

4. The differences between AT&T's 2.0G, 2.5G GSM/EDGE, and 3G networks, including but not limited to any internal documents discussing whether

3

to claim that the 2.0G, 2.5G, GSM/EDGE or any other network provides the same or substantially the same customer experience as a 3G network;

5. The development, analysis, and evaluation of AT&T's "Nation's Fastest 3G Network" advertising campaign;

6. Any assessment by AT&T of consumers' interpretations or perceptions of, or reactions to, its "Nation's Fastest 3G Network" advertising campaign;

7. The reasons or purpose for AT&T advertisements that make separate mention of AT&T's 3G coverage or network (including but not limited to any advertisement that has been developed by AT&T in response to the Advertisements-at-Issue), including without limitation any marketing or product research relating to those advertisements;

8. Any alleged irreparable harm suffered by AT&T, or that AT&T expects it may suffer, including without limitation loss of customers or damage to goodwill or reputation, as a result of the Advertisements-at-Issue;

9. AT&T's document collection and production in response to Defendant's First Set of Requests for Production of Documents to Plaintiff and responses to Defendant's First Set of Interrogatories to Plaintiff;

10. Communications between AT&T and any other party, including without limitation Verizon, members of the press, or consumers, relating to the Advertisements-at-Issue;

11. Communications within AT&T relating to the Advertisements-at-Issue;

12. AT&T's claim that consumers have been confused, misled, or deceived by the Advertisements-at-Issue (or any element thereof);

13. AT&T's claim that current or prospective AT&T customers believe that AT&T has no coverage in the white or blank areas depicted in the 3G coverage maps in Verizon's "There's a Map for That" advertising campaign;

14. AT&T's claim that current or prospective AT&T customers believe that they cannot use their wireless devices in large portions of the United States because of the 3G coverage maps in Verizon's "There's a Map for That" advertising campaign;

15. AT&T's representations to its customers, including its advertising campaigns, about the geographic scope and speed of its 3G network;

15. Communications from or with consumers relating to the geographic scope of AT&T's 3G network, the population covered by AT&T's 3G network, and/or the Advertisements-at-Issue (or any element thereof);

5

16. AT&T's awareness of each of the Advertisements-at-Issue, including without limitation the date upon which AT&T became aware of each of the Advertisements-at-Issue and the context within which AT&T became aware of each of the Advertisements-at-Issue;

17. AT&T's awareness of Verizon's use or publication of 3G coverage maps, including without limitation the date upon and context within which AT&T became aware of Verizon's use or publication of 3G coverage maps;

18. AT&T's marketing efforts relating to AT&T's 3G network, including without limitation AT&T's target market for its 3G network;

19. Consumers' reactions to or perceptions of the Advertisements-at-Issue, including without limitation any consumer survey or study performed by AT&T;

20. Any plans or consideration by AT&T to generate advertisements in any medium, including without limitation television, print or Internet advertisements, in response to the Advertisements-at-Issue, including but not limited to the "Luke Wilson" commercials released during the week of November 16; and

21. The availability of AT&T 3G coverage maps in AT&T's stores and on AT&T's websites.

ATL_IMANAGE-6566644.1

22. The existence, identity, content, nature, meaning, and location of any documents relating to any of the topics contained in this deposition notice.